## ELBRIDGE G. CHAPMAN *vs.* INDIANA FOSTER.

A married woman who carries on the business of farming upon land for which she holds a bond for a deed, to her sole and separate use, is liable upon a promissory note given by her for money borrowed to enable her to pay for the land, and thus to entitle herself to a deed under the bond, and actually applied by her to that purpose.

CONTRACT upon a promissory note signed by the defendant and a surety, and payable to the plaintiff or order, dated February 23, 1858.

At the trial in the superior court, before *Vose*, J., the plaintiff

introduced evidence tending to show that in April 1857 the defendant's sister Elizabeth, who owned a farm in Pepperell, gave to the defendant a bond for a deed thereof, by which the defendant should hold the farm to her sole and separate use, upon payment of a sum therein specified, within one year; that soon after the execution of the bond the defendant entered into possession and carried on the business of the farm, her husband being absent most of the time; that in February 1858 the defendant informed the plaintiff of the facts and applied to him for a loan of money in order to enable her to complete her payments under the bond, so as not to lose the benefit of the payments already made, whereupon the plaintiff agreed to let her have the money if she would procure a surety; that accordingly she procured a surety, and he let her have the money, taking the note in suit; that three days afterwards the defendant went to Nashua and paid her sister the money borrowed of the plaintiff, and took a deed of the farm, free from the interference or control of her husband.

The defendant offered evidence tending to prove that, at the time of taking the bond, the defendant's husband gave to said Elizabeth his note for the personal property in the house and upon the farm, that the money paid to Elizabeth at Nashua was paid upon the last named note, and that the money was borrowed for this purpose.

The judge instructed the jury that, if the defendant entered into the possession of the farm under the circumstances stated, and so continued for the year, controlling and managing it as her private estate, in the absence of her husband, and she borrowed the money of the plaintiff for the purpose of enabling her to perform the condition of the bond and secure the title to herself, and she so used the money, and the land was conveyed to her in pursuance of the terms of the bond, then the note was a contract having reference to her separate property and business, upon which she was liable, notwithstanding her coverture; and if she held such a bond, and went into and remained in the possession and management of the property under it during the year as her own, and borrowed the money of the plaintiff to

secure the performance of the bond, it would make no difference as to her liability in this case that the money was applied to take up a note given by her husband to her sister when the bond was given, to secure the sum stipulated to be paid in the bond ; and that if, at the time of taking the bond, the husband purchased the personal property on the farm, taking the title to it in himself, and gave his note in payment therefor, and the defendant borrowed the money of the plaintiff to take up this note, and did so, then the note in suit would not be a contract relating to her separate property and business, and she would not be liable upon it.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Webster*, for the defendant.

*T. H. Sweetser*, for the plaintiff.

BIGELOW, C. J. The principles laid down in *Ames* v. *Foster*, 3 Allen, 541, are decisive of this case. The note was given by the defendant to enable her to perform the conditions of a bond of which she was the sole obligee, and the performance of which would enure, under the statutes of this state relating to the property of married women, (*Sts.* 1855, *c.* 304, and 1857, *c.* 249,) to her separate use and benefit, apart from any right or interest of her husband. By the facts disclosed at the trial, it appears that she was carrying on the business of farming on her own sole account, and that the note declared on was given to enable her to complete the purchase of the real estate on which this business was prosecuted by her. It is quite immaterial that the debt was incurred in the purchase of a farm. The power conferred on married women by statute to carry on business necessarily implies the authority to procure by purchase or otherwise the means by which it may be commenced and prosecuted. We can see no reason why, under a fair and just interpretation of the statutes, a married woman may not contract debts to purchase a stock of goods, or a farm or whatever else may be needful or expedient to enable her to begin a trade or business on her own account, as well as to enter into contracts and assume liabilities in carrying it on subsequently. It is equally

immaterial, that the husband of the defendant had signed the note as surety to the obligor of the bond that the wife would perform the conditions on her part by payment of the stipulated price for the land. This did not in any degree change the defendant's right as obligee, or render the performance of the condition any the less beneficial to the defendant, or operate to give her husband any right in or control over the bond or the estate which the wife was to acquire under it.

*Exceptions overruled*